[12 NYS3d 571]

In the Matter of MICHAEL LEVITIS, a Suspended Attorney, Resignor.

Second Department, July 15, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel) for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Michael Levitis*, Brooklyn, resignor pro se.

### OPINION OF THE COURT

Per Curiam.

By affirmation dated February 4, 2015, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts notified this Court that, on April 8, 2014, Michael Levitis (hereinafter the resignor) pleaded guilty before U.S. District Judge Paul G. Gardephe, in the United States District Court, Southern District of New York, to one count of conspiracy to commit mail fraud and wire fraud, and one count of conspiracy to commit wire fraud, in violation of 18 USC § 371, both federal felonies. On November 9, 2014, he was sentenced to a term of 60 months imprisonment on the count of conspiracy to commit mail fraud and wire fraud, and 48 months of imprisonment on the count of conspiracy to commit wire fraud, to run consecutively. In addition, he was sentenced to three years of supervised release, and directed to pay restitution in the amount of $2,196,522, a fine of $15,000, and an assessment of $200. These charges arose from the resignor's role in a multimillion dollar scheme to defraud customers of an entity, known as Mission Settlement Agency, and a second entity, known as Alpha Debt Settlement, by making misrepresentations to customers of these entities that he could lower the overall debt that they owed to credit card companies and banks.

In response to the Grievance Committee's notice, the resignor submitted, inter alia, an affidavit sworn to on March 13, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The resignor acknowledges that if charges were predicated on the conduct underlying his convictions for conspiracy to commit mail fraud and wire fraud, and conspiracy to commit wire fraud, he could not successfully defend himself on the merits against such charges.

The resignor acknowledges in his affidavit that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress.

The resignor states further that he has been advised to consult with an attorney and that he has chosen not to do so. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Rules of the Appellate Division from seeking reinstatement as an attorney for a minimum of seven years.

The resignor's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that this Court accept the resignor's proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the resignation of Michael Levitis is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Levitis is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael Levitis shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Levitis shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice

in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michael Levitis has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).